IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RICHARD J. SMITH, JR.,<br><br>　　　　Defendant. | Civil Action No. 14-00146 E |

## REPORT AND RECOMMENDATION

CYNTHIA REED EDDY, United States Magistrate Judge.

### I.　RECOMMENDATION

On January 13, 2015, United States of America ("Plaintiff") filed a Motion for Default Judgment [ECF No. 11] against Richard J. Smith, Jr. ("Defendant"). After careful review of Plaintiff's Complaint [ECF No. 1], the Request for entry of Default [ECF No. 10], and the Motion for Default Judgment, together with the exhibits attached thereto, it is respectfully recommended that Plaintiff's Motion for Default Judgment be granted and the Order set forth below regarding damages be entered against Defendant.

### II.　REPORT

**A. Procedural and Factual Background**

This action was brought on behalf of the United States Department of Agriculture, Rural Housing Service to foreclose on a Note and Mortgage upon real property situated in Venango County in the Commonwealth of Pennsylvania and commonly known as 347 Oak Road, Oil City, Pennsylvania. [ECF No. 1, with exhibits A-C]. The Complaint was filed on May 16, 2014, and alleges that Plaintiff made a loan to Defendant in the sum of $76,860.00, payable in

1

monthly installments as evidenced by a Promissory Note dated June 3, 2008. [ECF No. 1, Exhibit A]. The Note was secured by a mortgage in the sum of $76,860 ("Mortgage") on the aforesaid property, which was duly recorded on June 3, 2008 in the Recorder of Deeds Office of Venango County in Mortgage Book Volume 0499, page 0222. [ECF No. 1, Exhibit B].

According to the Complaint, Defendant is in default under the Note and Mortgage as a result of his failure to make payments when due. As a result of the failure to make payment, Plaintiff accelerated the balance due and Defendant is now in default for failing to pay Plaintiff the accelerated balance. By letter dated August 20, 2013, Plaintiff sent Defendant a Notice of Intention to Foreclose [ECF No. 1, Exhibit C] by certified mail to his last known address.

The accelerated balance presently due to Plaintiff on the Note is as follows:

| | |
|---|---|
| **Principal** | **$ 72,929.77** |
| **Interest to 01/11/14** | **$ 6,304.19** |
| **Interest Subject to Recapture** | **$ 4,324.56** |
| **Total Penalty Charges** | **$ 3,284.40** |
| **TOTAL** | **$ 86,842.92** |

together with interest from January 11, 2014, at the contractual rate of 7.375% per annum to the date of judgment, plus interest from the date of judgment at the legal rate, reasonable attorneys' fees and collection costs.

On May 20, 2014, a copy of the Complaint and a Notice of Lawsuit and Request for Waiver of Service of Summons was mailed to Defendant; however, Defendant failed to return an executed Waiver of Service of Summons to Plaintiff's counsel. [ECF Nos. 2 and 3]. The Summons was re-issued and the U.S. Marshal personally served the Defendant with the Summons and Complaint on December 5, 2014. [ECF Nos. 7, 8, and 9]. On January 13, 2015, in light of Plaintiff's failure to answer or assert a defense, Plaintiff filed a Request for Entry of Default as provided by Rule 55(a) of the Federal Rules of Civil Procedure. [ECF No.

10]. Attached to the Request was a declaration under penalty of perjury by Plaintiff's counsel, Attorney Robert S. Bernstein, attesting to the aforesaid personal service by the U.S. Marshal with the Summons and Complaint and that Defendant has not answered or otherwise moved for an extension of time to answer the Complaint. [ECF No. 10-1]. In addition, the Plaintiff verifies, under penalty of perjury, that the Defendant is not an infant, incompetent, or in the military service of the United States of America. [ECF No. 11, p. 2].

On January 14, 2015, the Clerk of Court entered the Default. [ECF No. 12]. Plaintiff filed a Motion for Default Judgment, pursuant to Rule 55 requesting a sum certain total of $88,192.92, including principal, interest to date, interest credit subject to recapture, penalty charges and attorney fees, together with post judgment interest and reasonable attorneys' fees and collection costs. Plaintiff seeks to sell the subject property to satisfy the judgment. Plaintiff also requests that a judgment *in personam* be entered against Defendant as to any deficiency remaining after a deduction of monies received from the sale of the subject properties. [ECF No. 11].

### B. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when a default has been entered by the Clerk of Court. Entry of default judgment is a matter within the sound discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). In determining whether to grant a default judgment, courts examine three factors: 1) prejudice to the plaintiff if default is denied; 2) whether the defendant appears to have a litigable defense; and 3) whether the defendant's delay is due to culpable conduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). "[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc.

3

v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted). *See also* Stout Street Funding LLC v. Johnson, 2014 WL 5591043 *2 (E.D.Pa. Nov. 4, 2014).

### C. Analysis

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Defendant. It has shown that (1) the Complaint was personally served upon Defendant by the U.S. Marshals Service; (2) Defendant has not appeared; (3) default was entered against the Defendant by the clerk of court; (4) Defendant is not an infant, incompetent, or in the military service of the United States of America. In addition, Plaintiff has also shown with specificity how it calculated the amount of the judgment.

The court has considered the Chamberlain factors and finds that the prejudice to the Plaintiff resulting from the Defendant's breach of his contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the court granting default judgment. *See* Asendia USA, Inc. v. AdvancePost, Inc., 2013 WL 877132, *2 (M.D.Pa. March 8, 2013) ("When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.") (quoting Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n. 9 (3d Cir. 1990)). Further the Defendant's default was a result of his culpable conduct as evidenced by his refusal to respond to the Complaint. *See* World Entertainment Inc. v. Brown, 487 Fed.Appx. 758, 762 (3d Cir. 2012). Consequently, default judgment is appropriate.

A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 3d,* § 2688 at 58-59 (1998); *see also* Thomson v. Wooster, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885). If the damages are not for a

sum certain or for a sum which can by computation be made certain, the court may conduct such hearings or order such references as it deems necessary and proper. Fed.R.Civ.P. 55(b)(2); *see also* Comdyne I, Inc., 908 F.2d at 1149. The Court may proceed by live testimony, affidavit or other appropriate evidence. International Longshoreman's Ass'n AFL–CIO v. Spear, Wilderman, Borish, Endy, Spear & Runckel, 995 F.Supp 564, 573 (E.D.Pa. 1998); *see also* Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994).

Here, the plaintiff has provided, by a preponderance of the evidence, including all relevant documents, declarations, proofs of service and verification of all relevant documents, an adequate basis to substantiate the requested damages. The Defendant has not submitted any opposition. Accordingly, a hearing on the issue of damages is not necessary.

Accordingly, based upon the undisputed facts and the evidence presented through the pleadings, it is respectfully recommended that the Order which follows be entered:

**AND NOW,** to wit, this _____ day of _____, 2015, after consideration of the foregoing Motion upon Default for Judgment in Mortgage Foreclosure and for Deficiency Judgment, heretofore filed by the Plaintiff, United States of America, it is hereby ORDERED that said Motion is GRANTED.

It is further ORDERED that Judgment by Default is hereby entered against Defendant, Richard J. Smith, Jr, for failure to answer and in favor of Plaintiff, United States of America, as follows:

| | |
|---|---|
| **Principal** | $ 72,929.77 |
| **Interest to 01/11/14** | $ 6,304.19 |
| **Interest Subject to Recapture** | $ 4,324.56 |
| **Total Penalty Charges** | $ **3,284.40** |
| **TOTAL** | $ 86,842.92 |

together with interest at 7.375% per annum to the date of judgment, plus interest from the date of

5

judgment at the legal rate, reasonable attorneys' fees and collection costs.

It is further ORDERED that within fourteen days of this Order, counsel for Plaintiff shall submit affidavits and any additional evidence in support of its request for attorneys' fees and collection costs, and the Clerk of Court will defer entering final judgment until after the Court has determined the appropriate amount of attorneys' fees and costs.[1]

It is further ORDERED that a deficiency judgment is entered for the balance due and remaining on the default judgment after deduction of monies received as a result of the sale of the subject property.

It is further ORDERED that the subject property hereby shall be and is exposed for the purpose of satisfying Plaintiff's Judgment.

It is further ORDERED that Plaintiff shall be paid the amount adjudged due Plaintiff with interest thereon to the time of such payment, together with costs of this action and the expenses of sale.

_____

United States District Judge

---

[1] See Deutsche Bank Nat'l. Trust Co. v. Strunz, 2013 WL 122644, *3 (M.D.Pa. January 9, 2013) ("While Plaintiff has not adequately supported its claim for the requested amount of attorney's fees, the Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due, as the requested amount will likely be computable from proper documentary evidence. See [James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed.2010)]. ("[T]he "hearing" may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue"). As such, Plaintiff will be required to submit further evidence in support of its claimed attorney's fees.").

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service of a copy of this Order to file objections to this Order. Counsel for the Plaintiff is directed to serve a copy of this report on Richard J. Smith by certified mail, return receipt requested, and to electronically file proof of service with the court. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Cynthia R. Eddy
CYNTHIA R. EDDY
United States Magistrate Judge