IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Civil Action No. 1:14-CV-00146 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Terrence F. McVerry |
| | ) | |
| RICHARD J. SMITH, JR., | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendant. | ) | |

**MEMORANDUM ORDER**

This case was commenced on May 16. 2014, and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges. On January 23, 2015, Magistrate Judge Eddy filed a Report and Recommendation (ECF No. 13) recommending that Plaintiff's Motion for Default Judgment against Richard J. Smith, Jr. be granted. On February 23, 2015, Defendant was served with the Report and Recommendation via certified mail, at his last known address and was advised that he had fourteen (14) days to file written objections to the Report and Recommendation. (ECF No. 15). No Objections to the Report and Recommendation were filed.

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW,** to wit, this 13th day of March, 2015, after consideration of the foregoing Motion upon Default for Judgment in Mortgage Foreclosure and for Deficiency Judgment (ECF No. 11), heretofore filed by the Plaintiff, United States of America, it is hereby ORDERED that said Motion is GRANTED.

1

It is further ORDERED that Judgment by Default is hereby entered against Defendant, Richard J. Smith, Jr, for failure to answer and in favor of Plaintiff, United States of America, as follows:

| | |
|---|---|
| **Principal** | **$ 72,929.77** |
| **Interest to 01/11/14** | **$ 6,304.19** |
| **Interest Subject to Recapture** | **$ 4,324.56** |
| **Total Penalty Charges** | **$ 3,284.40** |
| **TOTAL** | **$ 86,842.92** |

together with interest at 7.375% per annum to the date of judgment, plus interest from the date of judgment at the legal rate, reasonable attorneys' fees and collection costs.

It is further ORDERED that within fourteen (14) days of this Order, counsel for Plaintiff shall submit affidavits and any additional evidence in support of its request for attorneys' fees and collection costs, and the Clerk of Court will defer entering final judgment until after the Court has determined the appropriate amount of attorneys' fees and costs.[1]

It is further ORDERED that a deficiency judgment is entered for the balance due and remaining on the default judgment after deduction of monies received as a result of the sale of the subject property.

It is further ORDERED that the subject property hereby shall be and is exposed for the purpose of satisfying Plaintiff's Judgment.

---

[1] See Deutsche Bank Nat'l. Trust Co. v. Strunz, 2013 WL 122644, *3 (M.D.Pa. January 9, 2013) ("While Plaintiff has not adequately supported its claim for the requested amount of attorney's fees, the Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due, as the requested amount will likely be computable from proper documentary evidence. See [James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed.2010)]. ("[T]he "hearing" may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue"). As such, Plaintiff will be required to submit further evidence in support of its claimed attorney's fees.").

It is further ORDERED that Plaintiff shall be paid the amount adjudged due Plaintiff with interest thereon to the time of such payment, together with costs of this action and the expenses of sale.

It is further ORDERED that the Report and Recommendation is adopted as the Opinion of the Court.

s/Terrence F. McVerry  
United States District Judge